IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OCIE HOSKINS, #75124                                                            PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 3:12-cv-457-CWR-LRA

SHELIA PARK, ET AL.                                                           DEFENDANTS

MEMORANDUM OPINION

Plaintiff, an inmate of the Mississippi Department of Corrections, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. After review of the Complaint submitted, the Court entered an Order [ECF No. 9] on July 30, 2012, which directed the Plaintiff to fully complete, sign and file a form entitled "FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983," on or before August 20, 2012.[1]

On September 6, 2012, an Order [ECF No. 11] was entered directing the Plaintiff to show cause, on or before September 21, 2012, why this case should not be dismissed for his failure to comply with the Court's July 30, 2012 Order. In addition, Plaintiff was directed to comply with the Court's Order by filing his completed Complaint forms, on or before September 21, 2012. The Show Cause Order warned Plaintiff that failure to timely comply with the requirements of the Order would lead to the dismissal of his Complaint, without further notice. Plaintiff filed a letter [ECF No. 12] in response that did not contain the needed information and he did not file completed Complaint forms, thereby failing to comply with the Court's Order.

Since Plaintiff is proceeding *pro se*, he was provided one final opportunity to comply with the

---

[1] In order for the Court to discern the claims Plaintiff seeks to litigate in this case, it is imperative that Plaintiff complete the necessary forms, because he is currently litigating 9 other § 1983 cases in this Court with only slight variances in the named Defendants.

Court's Orders prior to the summary dismissal of this case. On October 9, 2012, a Final Order to Show Cause [ECF No. 14] was entered in this case. Plaintiff was directed to show cause, on or before October 24, 2012, why this case should not be dismissed for his failure to comply with the Court's Orders of July 30, 2012, and September 6, 2012. In addition, Plaintiff was directed to comply with the previous Orders by filing his completed Complaint forms, on or before October 24, 2012. The Final Order to Show Cause warned Plaintiff that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the Order would lead to the dismissal of this case. Plaintiff has not complied with the Final Order to Show Cause.

Plaintiff has failed to comply with three Court orders and he has not contacted the Court about this case since September 28, 2012. This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally, Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. *See Rice v. Doe*, No. 08-20381, 2009 WL 46882, at *1 (5th Cir. Jan. 8, 2009)(affirming dismissal based on inmate's failure to comply with a court order). Since the Defendants have not

been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

This the 14th day of November, 2012.

                                               s/Carlton W. Reeves
                                               UNITED STATES DISTRICT JUDGE